**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SANDEEP SINGH,

       Petitioner,

    v.

LORETTA E. LYNCH, Attorney General,

       Respondent.

No.   14-71724

Agency No. A200-945-577

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016[**]

Before:    BEA, WATFORD, and FRIEDLAND, Circuit Judges.

    Sandeep Singh, a native and citizen of India, seeks review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.   We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we review for abuse of discretion the agency's denial of humanitarian asylum, *Belayneh v. INS*, 213 F.3d 488, 491 (9th Cir. 2000).   We review de novo due process contentions.   *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny the petition for review.

The agency did not abuse its discretion in denying Singh's request for humanitarian asylum based on his past mistreatment in India.   *See Belayneh*, 213 F.3d at 491 (record lacked evidence of atrocious past persecution).

Substantial evidence supports the agency's determination that, even if he credibly established past persecution, the presumption of future persecution was rebutted by evidence that he could relocate within India and it would be reasonable for him to do so.   *See* 8 C.F.R. § 1208.13(b)(1)(i)(B) (asylum); 8 C.F.R. § 1208.16(b)(1)(i)(B) (withholding of removal); *see also Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 999-1000 (9th Cir. 2003) (noting "an individual who can relocate safely within his home country ordinarily cannot qualify for asylum"). We reject Singh's contention that the BIA improperly allocated the burden of proof for internal relocation.   Thus, we deny the petition as to Singh's asylum and

14-71724

withholding of removal claims.

Substantial evidence also supports the agency's denial of Singh's CAT claim because he failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to India. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, we reject Singh's contentions that the BIA ignored evidence, *see Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006), or otherwise violated his due process rights, *see Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**